IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISBILITIES ADVOCACY PROGRAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J. WALTER WOOD, JR. in his official )<br>Capacity as Executive Director of the )<br>Alabama Department of Youth Services, )<br>)<br>Defendant. ) | Civil Action No. 2:07cv434-MHT |

**JOINT REPORT OF THE PARTIES**

On October 10, 2007, this Court ordered the parties to file a joint report indicating what issue or issues, if any, remain in this case (Doc. No. 16). The parties have conferred and submit this joint report.

With the filing of its Complaint (Doc. No. 1) in this matter plaintiff sought pursuant to its federal access authority, among other things, investigative reports prepared by the DYS Special Investigator under the direction of DYS General Counsel regarding alleged abuse and neglect in defendant's facilities. To this date, the defendant has not produced certain reports sought by plaintiff. Defendant has either made available, or is willing to make available, all reports regularly created in the ordinary course of business other than those created specifically by the DYS Legal Division in anticipation of litigation.

Plaintiff believes it is entitled to all such investigative reports prepared by the defendant regardless whether the defendant believes he need not produce such reports for reasons of privacy, attorney work product, or other doctrines. See, e.g., *Alabama*

...

*Disabilities Advocacy Program v. J.S. Tarwater Developmental Center,* 97 F.3d 492, 497 (11th Cir. 1996); *Iowa Protection and Advocacy, Inc. v. Rasmussen,* 206 F.R.D. 630, 643 (D. Iowa 2002).

The defendant, on the other hand, believes it need not produce any records unless two conditions have been met: First, ADAP must comply with the terms of its previous settlement agreement with DYS. Second, the provisions of the statutes authorizing ADAP generally to access records must be satisfied. Based on those conditions, DYS will provide access to all ordinarily created records. However, DYS believes that the reports produced by the DYS Special Investigator under the direction of DYS General Counsel and in anticipation of litigation are not reports by an agency charged with investigating abuse neglect or injury subject to production under the statutes; and DYS relies on doctrines such as privacy and attorney work product. See, e.g., *Ex parte Alabama Dept. of Youth Services,* 927 So.2d 805 (Ala. 2005).

Because there are remaining unresolved issue(s), the parties will jointly develop and submit to the court a record of the evidence as ordered.

Respectfully Submitted,

| | |
|---|---|
| /s/ James A. Tucker | /s/ T. Dudley Perry |
| James A. Tucker | T. Dudley Perry, Esq. |
| Alabama Disabilities Advocacy Program | Deputy Attorney General & Counsel, DYS |
| University of Alabama | |
| Box 870395 | PO Box 66 |
| Tuscaloosa, Alabama 35487-0395 | Mt. Meigs, AL 36057 |
| Telephone: (205) 348-4928 | Phone: 334-215-3803 |
| Facsimile: (205) 348-3909 | Facsimile: 334-215-3872 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this the 19th day of October, 2007, I filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notice of such filing to the following (or by U.S. Mail to non-CM/ECF participants):

T. Dudley Perry, Esq.
Counsel for Plaintiffs

                                             /s/ James A. Tucker

                                             James A. Tucker
                                           Alabama Disabilities Advocacy Program
                                           Box 870395
                                           Tuscaloosa, AL 35487