IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM )<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. )<br>) | CIVIL ACTION NO.<br>2:07-CV-434-MHT |
| )<br>J. WALTER WOOD, JR. in his official )<br>Capacity as Executive Director of the )<br>Alabama Department of Youth Services, )<br>)<br>Defendant. ) | |

**DEFENDANT'S MOTION TO SUBSTITUTE DOCUMENT**

COMES NOW, the Defendant, by and through his attorney, and request that exhibit 1 of Document 26, Response to Motion to Amend Joint Report of the Parties, be replaced with the attached signed document.

Done this 7th day of November 2007.

Respectfully submitted

/s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar number: 3985-R67T
General Counsel
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: **dudley.perry@dys.alabama.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2007, I electronically filed the foregoing

**DEFENDANT'S MOTION TO SUBSTITUTE DOCUMENT** with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the following:

>James A. Tucker
>Nancy E. Anderson
>Alabama Disabilities
>Advocacy Program
>Box 870395
>Tuscaloosa, AL 35487


>/s/ T. Dudley Perry, Jr.
>T. Dudley Perry, Jr.
>General Counsel
>Attorney for the Defendant

STATE OF ALABAMA

COUNTY OF JEFFERSON

### AFFIDAVIT

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Naren Phillips, who being known to me and being by me first duly sworn, deposes and says as follows:

I am Naren Phillips, and I am over the age of twenty one (21). This affidavit is given upon my personal knowledge. I am an employee of the Alabama Department of Youth Services. On October 23, 2007, I escorted ADAP representatives to Cherokee, Junaluska, Iroquis, Chickasaw and Alabama cottages at Chalkville campus. In addition the ADAP representatives visited the school, the clinic, the dining hall, and looked through the windows of the recreation room. ADAP representatives also spoke with the school librarian at length about general reading levels, materials available in the library, how often new materials are added to the library, and other issues.

Students in the cottages were called out of their assigned areas and assembled in the day area of each cottage. Andrea Mixon introduced herself to the students, provided the students with a description of ADAP and the services ADAP provides. Each student received a card with ADAP contact information and a card with ADAP contact information was left at each cottage desk.

I understood the purpose of the visit was monitoring and had been arranged through DYS Legal. Accordingly, ADAP representatives were permitted to monitor by going anywhere on campus to observe students and/or staff, speaking with staff, addressing groups of students and answering questions from any students. A restriction was that ADAP representatives were not



allowed to privately meet with students. ADAP representatives were informed that they should contact DYS Legal to arrange visits with specific students but could not do so during monitoring. ADAP representatives extensively questioned DYS staff and DYS staff was cooperative and answered ADAP's questions without limitation to the best of their knowledge.

When conducting monitoring visit and addressing the students on October 23, some students asked questions of the ADAP representatives but the ADAP representatives stated that they should talk about it later and told the students to call or write ADAP about the matters.

DATED THIS November 7, 2007.

*/s/ Naren Phillips*
Naren Phillips

SWORN TO AND SUBSCRIBED BEFORE ME, this November 7, 2007.

*/s/ Thomas A. Forty*
NOTARY PUBLIC
MY COMMISSION EXPIRES: 10-10-11