IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM,<br><br>        Plaintiff,<br><br>v.<br><br>J. WALTER WOOD, JR. in his official Capacity as Executive Director of the Alabama Department of Youth Services,<br><br>        Defendant. | CIVIL ACTION NO.<br>2:07-CV-434-MHT |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION (Doc. #48) TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to this Court's December 11, 2007, Scheduling Order (Doc. No. 37) and Fed.R.Civ.P. Rule 15(a), Plaintiff filed a Motion for Leave to Amend the Complaint (Doc. No. 44) on January 14, 2008. The Plaintiff's Amended Complaint (Doc. No. 45) provided additional facts relating back to its original claims stated in its Complaint (Doc. No. 1) that Defendant continues to deny Plaintiff access to all DYS investigative information and records of ADAP's DYS clients. Defendant claims in its Objection to Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 48) that Plaintiff has filed an Amended Complaint (Doc. No. 45) in an untimely manner. However, Plaintiff filed its Motion for Leave to Amend the Complaint (Doc. No. 44) and Amended Complaint (Doc. No. 45) within the timeframe established by this Court's Scheduling Order (Doc. No. 37). Furthermore, the Defendant has not been prejudiced in this matter by Plaintiff's submission of its Amended Complaint (Doc. No. 45).

1. Plaintiff's Amended Compliant (Doc. No. 45) provides the names of additional DYS residents, C.L., S.L., and B.Y., who became ADAP clients following the filing of the Complaint (Doc. No. 1) and alleges that DYS refuses to provide the complete DYS record of C.L., S.L., and B.Y. upon ADAP's request. Plaintiff attached to its Amended Complaint (Doc. No. 45) written statements from C.L., S.L., and B.Y. that demonstrate the Defendant made audio and video recordings, i.e., those made by the DYS Special Investigator following C.L., S.L., and B.Y.'s reports of abuse and neglect occurring at the Chalkville facility. The Amended Complaint (Doc. No. 45) alleges the Defendant has failed to produce the records of ADAP's clients despite repeated requests by ADAP.

2. A party may amend its complaint with leave of court and "leave shall be freely given when justice so requires." Rule 15(a) Fed.R.Civ.P. The Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1963), declared the standard for district courts in reviewing a party's motion for leave to file an amended complaint:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

The Defendant's objection does not allege that ADAP filed its Amended Complaint (Doc. No. 45) for any improper reason as contemplated by *Foman*.

3. This Court's Scheduling Order (Doc. No. 37) granted the Plaintiff time to file an amended complaint after the deadline for submission of dispositive motions on December 17, 2007, and before the deadline for close of discovery on February 14, 2008. The types of circumstances in which the Eleventh Circuit has ruled that an amended complaint would not be allowed are not present in this case. *See, e.g., Campbell v.*

2

*Emory Clinic,* 166 F.3d. 1157, 1162 (11th Cir. 1999) (prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided); *Technical Resource Services, Inc., v. Dornier Medical Systems, Inc.,* 134 F.3d. 1458, 1464 (11th Cir. 1998) (amended complaint filed after discovery was completed).

4. Defendant's defense in this matter is not prejudiced by Plaintiff's submission of its Amended Complaint (Doc. No. 45), which includes facts that relate back directly to Plaintiff's claims in its Complaint (Doc. No. 1) that ADAP is entitled to all records, including DYS investigative information, regarding ADAP clients, and that DYS has not produced requested information.

Respectfully Submitted,

/s/ James A. Tucker
James A. Tucker
Nancy Anderson
Alabama Disabilities Advocacy Program
University of Alabama
Box 870395
Tuscaloosa, AL  35487
(205) 348-4928 (Phone)
(205) 349-3909 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notice of such filing to the following attorney of record for the Defendant:

Mr. Dudley Perry, Jr.
General Counsel
c/o Alabama Department of Youth Services
PO Box 66
Montgomery, AL 36057

/s/ James A. Tucker
James A. Tucker