**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:07-CV-434-MHT |
| J. WALTER WOOD, JR. in his official Capacity as Executive Director of the Alabama Department of Youth Services, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on March 14, 2008, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    Alabama Disabilities Advocacy Program (ADAP)

    by James Tucker and Nancy Anderson and Patrick Hackney

    J. Walter Wood, Jr. in his official capacity as Executive Director of the Alabama Department

    of Youth Services (DYS)

    by T. Dudley Perry and Sancha Teele

    **COUNSEL APPEARING AT PRETRIAL HEARING:**

    Alabama Disabilities Advocacy Program (ADAP)

    by Nancy Anderson and Patrick Hackney

J. Walter Wood, Jr. in his official capacity as Executive Director of the Alabama Department

of Youth Services (DYS)

by T. Dudley Perry and Sancha Teele

2. **JURISDICTION AND VENUE:**

Jurisdiction is pursuant to 28 U.S.C. § 1331.

Venue is pursuant to 28 U.S.C. § 1391(b).

3. **PLEADINGS: The following pleadings and amendments were allowed:**

- Complaint (Doc. 1) filed 5/16/07
- Answer (Doc. 13) filed 9/18/07
- Amended Complaint (Doc. 45) filed 1/14/08

Outstanding Motions

- Plaintiff's Motion for Summary Judgment (Doc. 38) filed 12/17/07
  - Plaintiff's Brief in Support of Motion for Summary Judgment (Doc. 39) filed 12/17/07
  - Defendant's Reply to Motion for Summary Judgment (Doc. 47) filed 1/18/08
- Plaintiff's Motion for Leave to File Corrected Amended Complaint (Doc. 54) filed 3/07/08 (correcting error)

4. **CONTENTIONS OF THE PARTIES:**

   **(a) The plaintiff(s)**

   DYS has denied ADAP its federal statutory right under the PAIMI, PADD and PAIR Acts

   to:

   f) reasonable unaccompanied access, for monitoring and investigatory purposes, to public and private areas of DYS facilities;
   g) interview residents, staff and other persons as part of an abuse and neglect investigation when ADAP had probable cause to believe an incident had occurred;
   h) provide information and training on individual rights and services provided by the P&A system;

      i) communicate privately with facility residents;
      j) access to facility incident reports and investigatory findings; and
      k) access to records of facility residents.

**(b) The defendant(s)**

a) The Alabama Department of Youth Services ("The Department") does not operate facilities as contemplated under the Protection and Advocacy for Individuals with Developmental Disabilities Assistance and Bill of Rights Act of 1975, 42 U.S.C. § 6041 et seq., nor the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. 10801 et seq., nor the Protection and Advocacy Individual Rights Program, 29 U.S.C. § 794e et seq.

b) The Plaintiff is an non-profit organization authorized by Congress to protect and advocate for the civil rights of persons with disabilities in Alabama-not juvenile delinquents in general. The Plaintiff, in substance, seeks in this lawsuit to obtain records not covered by the statutes and to conduct advocacy activities for individuals not covered by the statutes-specifically, the records of and activities related to generic juvenile delinquents not within ADAP's potential clientele. They are not entitled to such records nor may they legally obtain information related to non-clients.

c) The Department has provided the Plaintiff access to DYS students, DYS staff, DYS facilities, DYS records and DYS student records. The access actually provided exceeds the scope of access authorized by the statues.

d) The Department has not denied the Plaintiff access to DYS facilities, DYS students, DYS records, nor DYS student records. The only records the Department is

   unwilling to provide to the Plaintiff is the Department's Legal Division's own work product and privileged documents.

 e) The Department has permitted the Plaintiff access to DYS facilities, DYS students, DYS records and DYS student records under the terms of a settlement agreement between the Plaintiff and the Department from a previous lawsuit.

 f) The Plaintiff has failed or refused to comply with the terms of the settlement agreement on which the Plaintiff's access to the Department's facilities is based.

 g) The relief sought in this case is substantially identically to relief sought in the first lawsuit the Plaintiff filed against the Department in October 2005 (Case 2:050cv01030). That case was settled.

 h) The doctrine of res judicata and or collateral estoppel applies in this case. The Department is entitled to attorney's fees and costs in connection with defending this frivolous litigation.

**5. STIPULATIONS BY AND BETWEEN THE PARTIES:**

None.

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last two days, is reset for May 8, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.**

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The parties are to file a joint statement of stipulated facts by April 18, 2008;

(4) The plaintiff is to file its trial brief by April 23, 2008, and defendant is to file his trial brief by May 2, 2008;

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 37) entered by the court on December 11, 2007;

**(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.**

**DONE, this the 17th day of March, 2008.**

                          /s/ Myron H. Thompson
                       **UNITED STATES DISTRICT JUDGE**