IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM, ) ) ) Plaintiff, ) ) v. ) ) J. WALTER WOOD, JR. in his official ) Capacity as Executive Director of the ) Alabama Department of Youth Services, ) ) Defendant. ) | Civil Action No. 2:07cv434-MHT |

## JOINT REPORT OF THE PARTIES

On August 12, 2008, this Court ordered the parties to file a joint report addressing issues raised by the Court in the on-the record status conference held on the same date. (Doc. No. 74). The parties have conferred and submit this joint report.

In summary, the Prison Litigation Reform Act of 1995 ("PLRA") generally applies to litigation involving conditions at juvenile facilities but does not apply to this case.

Broadly stated, the PLRA addresses two general categories: 1) prospective relief sections (mainly institutional reform injunctive litigation) and 2) prisoner litigation sections (mainly civil actions brought by prisoners). More specifically, the prospective relief sections of the PLRA apply to "civil action[s] with respect to prison conditions" which include "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison," except for most habeas corpus proceedings. 18 USC §3626(g)(2).

Here, ADAP seeks to enforce its access authority with regard to the facilities operated, managed and controlled by the defendant. This case is neither: 1) an action seeking institutional reform injunctive relief, nor 2) a civil action brought by a prisoner. ADAP is not a prisoner and this case is not a "civil action with respect to prison conditions." *Id.*

Specifically in reply to the Court's inquiry, the parties note that most case law to date holds that persons held in juvenile facilities are "prisoners" under the PLRA. *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 994-95 (8th Cir. 2003) (holding attorneys' fees provisions [and PLRA in general] apply to juveniles in juvenile facilities); *Alexander S. v. Boyd*, 113 F.3d 1373, 1383-85 (4th Cir. 1997), cert. denied, 522 U.S. 1090 (1998) (holding attorneys' fees provisions apply to juveniles and that the PLRA applies to juveniles in juvenile facilities); *Lewis v. Gagne*, 281 F.Supp.2d 429, 433 (N.D.N.Y. 2003) (holding exhaustion requirement applies to juveniles).

In view of the foregoing, the parties wish to submit an appropriate joint motion for approval of a settlement agreement in this case and will ask the Court to retain jurisdiction of this matter for a period of one year. The parties do not believe their request for this Court's approval of a settlement agreement requires compliance with the PLRA because, as addressed above, this case is not subject to the PLRA.

Respectfully Submitted,

| | |
|---|---|
| /s/ James A. Tucker | /s/ T. Dudley Perry |
| James A. Tucker | T. Dudley Perry, Esq. |
| Alabama Disabilities Advocacy Program | Deputy Attorney General & Counsel, |
| University of Alabama | DYS |
| Box 870395 | PO Box 66 |
| Tuscaloosa, Alabama 35487-0395 | Mt. Meigs, AL 36057 |

Telephone: (205) 348-4928  
Facsimile: (205) 348-3909  
**ATTORNEYS FOR PLAINTIFF**

Phone: 334-215-3803  
Facsimile: 334-215-3872  
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 22d day of August, 2008, I filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notice of such filing to the following (or by U.S. Mail to non-CM/ECF participants):

T. Dudley Perry, Esq.  
Sancha E. Teele, Esq.  
Counsel for Defendant

/s/ James A. Tucker

James A. Tucker  
Alabama Disabilities Advocacy Program  
Box 870395  
Tuscaloosa, AL 35487