IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA DISABILITIES ADVOCACY PROGRAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:07cv434-MHT (WO) |
| J. WALTER WOOD, JR., in his official capacity as Executive Director of the Alabama Department of Youth Services, | ) ) ) ) ) ) | |
| Defendant. | ) | |

OPINION

On May 16, 2007, plaintiff Alabama Disabilities Advocacy Program (ADAP) filed a complaint against defendant J. Walter Wood in his official capacity as Executive Director of the Alabama Department of Youth Services (DYS). The complaint alleged that DYS engaged in a "pattern and practice" of denying ADAP "access to DYS residents, facilities, facility staff, and records." (Doc. No. 1). This denial allegedly prevented ADAP from

"fully exercising the monitoring and investigatory mandates" authorized to it under the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. §§ 10801 et seq., the Developmental Disabilities and Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15001 et seq., and the Protection and Advocacy of Individual Rights Program, 29 U.S.C. §§ 794e et seq. (Doc. No. 1). Jurisdiction over ADAP's claim is proper under 28 U.S.C. § 1331.

The parties in this case have reached a settlement, and the matter is currently before the court on the parties' joint motion for approval of the settlement agreement and retention of jurisdiction. Having determined that the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, does not apply in this case, and approving of the terms of the settlement agreement, the court now grants the motion.

The PLRA limits the relief that may be granted in prison litigation cases. The Act can be divided into two

broad categories: prospective-relief provisions and provisions regarding suits by prisoners. The prospective-relief provisions establish limitations and guidelines concerning the remedies a court may grant in civil actions seeking prospective relief concerning "prison conditions." 18 U.S.C. § 3626. The provisions addressing suits by prisoners establish an exhaustion requirement. 42 U.S.C. § 1997e. The court concludes that neither of these categories applies here.

The prospective-relief provisions of the PLRA do not apply because this action does not concern "prison conditions." The PLRA defines "civil action with respect to prison conditions" as "any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g)(5). In the matter at hand, ADAP seeks to enforce its own right of access under federal law and brings no claim concerning the conditions at DYS

or the lives of persons confined there. Therefore, the prospective-relief provisions of the PLRA do not apply.

The provisions respecting prisoner suits also do not apply because ADAP is clearly not a "prisoner" under the statute. The PLRA defines "prisoner" as "any person incarcerated or detained in any facility." 42 U.S.C. § 1997e. As ADAP is not a "person" and has neither been incarcerated nor detained, the prisoner-litigation sections of the PLRA do not apply.

Although the limitations of the PLRA do not apply here, the court will, nevertheless, review the settlement agreement because the parties have jointly asked the court to approve it. The settlement agreement addresses three principal issues. First, it contains a detailed plan for facilitating ADAP's access to students in the custody of DYS and to DYS facilities, employees and records. Second, it contains a process for dispute resolution between the parties. Finally, it provides that this court shall retain jurisdiction of this case for a

4

period of one year for the limited purpose of enforcing the parties' compliance with the agreement. The court finds this settlement agreement to be fair, adequate, reasonable and not illegal or against public policy. The settlement warrants court approval.

***

For the above reasons, and having reviewed and approved the terms of the settlement agreement, the court will grant the joint motion for approval of the settlement agreement and retention of jurisdiction. An appropriate judgement will be entered.

DONE, this the 10th day of September, 2008.

                                        /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE